PAVAN L. ROSATI, ESQUIRE - State Bar #146171
ZACHARY S. TOLSON, ESQUIRE – State Bar #242824
GOODMAN NEUMAN HAMILTON LLP
417 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone:    (415) 705-0400
Facsimile:    (415) 705-0411

Attorneys for Defendant
HOME DEPOT U.S.A., INC. (DOE 1)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BROWN,<br><br>                                    Plaintiff,<br><br>vs.<br><br>THE HOME DEPOT, INC., a<br>Delaware Corporation, and DOES 1 to<br>20, inclusive,<br><br>                                    Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441 AND 1446(b) BASED ON DIVERSITY OF CITIZENSHIP UNDER 28 U.S.C. § 1332**<br>**JURY TRIAL DEMANDED** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant (hereinafter "HOME DEPOT"), by and through their counsel, hereby remove the above-captioned action from the Superior Court of the State of California, in and for the County of Kern, to the United States District Court, Eastern District of California, for the reasons described below:

1.     HOME DEPOT is the named Defendant in a civil action pending against it in the Kern County Superior Court, entitled *Timothy Brown v. The Home Depot, Inc., et al.*, Case No. BCV-19-100074. Attached hereto as **Exhibit 'A'** is a true and correct copies of the Summons and Complaint for this action. HOME DEPOT filed an Answer on June 17, 2019 (see **Exhibit 'B'**).

3.     Venue is proper in this Court because the boundaries of the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. § 84(b) include

Goodman
Neuman
Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
Tel.: (415) 705-0400

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441 AND 1446(b) BASED ON DIVERSITY OF
CITIZENSHIP UNDER 28 U.S.C. § 1332

Kern County.

4.     Following the filing of this Notice of Removal of Action, written notice of this filing will be served on counsel for Plaintiff and will be filed with the Clerk of the Superior Court of California for the County of Kern, in accordance with 28 U.S.C. § 1446(d).

**JURISDICTION**

5.     This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332. This case may be removed to this Court by HOME DEPOT pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1446 in that it is a case that could have been commenced in federal court based on diversity of citizenship.

6.     Diversity jurisdiction applies for the following reasons:

a.     Plaintiff resides in California (See **Exhibit 'C'**).

b.     Both at the time that this action was commenced and at this time, Defendant was incorporated in Delaware and has its principal place of business in Georgia. HOME DEPOT's corporate offices are located in Atlanta, Georgia, where its finance, accounting, purchasing, treasury, marketing, training, human resources, information systems, internal audit, and legal departments are located, making policy decisions that affect the entire company. "'[P]rincipal place of business' refers to the place where a corporation's officers direct, control, and coordinate the corporation's activities… i.e., the 'nerve center.'" (*Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1184 (U.S., 2010).) "For purposes of removal… the citizenship of defendants sued under fictitious names shall be disregarded." (28 U.S.C. §1441(a).)

c.     In his letter to dated June 3, 2019, Plaintiff demanded $165,000.00 in compensation for plaintiff Timothy Brown's injuries (see **Exhibit 'D'**). Accordingly, the amount in controversy between the parties exceeds the $75,000.00 threshold specified in 28 U.S.C. § 1332(a).

7.     Based on the foregoing, the matter is removable pursuant to 28 U.S.C. §§ 1332 and 1446(b).

Goodman
Neuman
Hamilton LLP

417 Montgomery St.
10ᵗʰ Floor
San Francisco, CA
94104
Tel.: (415) 705-0400

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441 AND 1446(b) BASED ON DIVERSITY OF CITIZENSHIP UNDER 28 U.S.C. § 1332

1    WHEREFORE, the undersigned requests that the action described above be

2    removed in its entirety to this Court for all further proceedings pursuant to 28 U.S.C.

3    § 1441, et seq.

4                              **DEMAND FOR JURY TRIAL**

5    Defendant demands a jury trial of 8 jurors pursuant to Federal Rules of Court,

6    Rule 48.

7    DATED:  June 28, 2019                    GOODMAN NEUMAN HAMILTON LLP

8

9                                             By: _____

10                                               ZACHARY S. TOLSON
                                                 Attorneys for Defendant
11                                               HOME DEPOT U.SA., INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Goodman
Neuman
Hamilton LLP
417 Montgomery St.
10ᵗʰ Floor
San Francisco, CA
94104
Tel.: (415) 705-0400

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441 AND 1446(b) BASED ON DIVERSITY OF
CITIZENSHIP UNDER 28 U.S.C. § 1332

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>The Home Depot, Inc., a Delaware Corporation, and DOES 1 through 20, inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>Timothy Brown | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br>**ELECTRONICALLY FILED**<br>1/10/2019<br>Kern County Superior Court<br>By Julie Irvin, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Kern County Superior Court<br>1415 Truxton Ave., Bakersfield, California 93301 | **CASE NUMBER:**<br>*(Número del Caso):* BCV-19-100074 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew Roston, 9454 Wilshire Blvd., Suite 850, Beverly Hills, CA 90212, 310-550-6221

| DATE:<br>*(Fecha)* 1/10/2019 TAMARAH HARBER-PICKENS | Clerk, by<br>*(Secretario)* Julie Irvin | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☒ as the person sued under the fictitious name of *(specify):* **DOE 1**
3. ☒ on behalf of *(specify):* **HOME DEPOT U.S.A., INC.**

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Alexander Cepeda v. Deja Vu, Inc., et al | |

### INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party)*:

[ ] Plaintiff  [✓] Defendant  [ ] Cross-Complainant  [ ] Cross-Defendant

Nite Life East, LLC, a Nevada limited liability company; DOE-1, a California individual; and DOES 2 to 20, inclusive

Form Adopted by Rule 982(a)(9)(A)
Judicial Council of California
982(a)(9)(A) [New January 1, 1993]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.USCourtForms.com

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER 265944 | Reserved for Clerk's File Stamp |
|---|---|---|

Matthew E. Roston, 9454 Wilshire Blvd., Suite 850
Beverly Hills, CA 90212   310-550-6221

ATTORNEY FOR (Name): Plaintiff Timothy Brown

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF I   KERN**

COURTHOUSE ADDRESS:
1415 Truxtun Ave Bakersfield, CA 93301

PLAINTIFF:
Timothy Brown

DEFENDANT:
Home Depot, Inc., et. al.

| **AMENDMENT TO COMPLAINT**<br>**(Fictitious /Incorrect Name)** | CASE NUMBER:<br>BCV-19-100074 - Dept. 11 |
|---|---|

☑ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME

Doe 1

and having discovered the true name of the defendant to be:

TRUE NAME

Home Depot U.S.A., Inc.,

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| 2/1/2019 | Matthew E. Roston, Esq. | |

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME

and having discovered the true name of the defendant to be:

TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| | | |

## ORDER

THE COURT ORDERS the amendment approved and filed.

_____          _____
Dated                              Judicial Officer

LASC LACIV 105 (Rev. 08/18)
For Optional Use

**AMENDMENT TO COMPLAINT**
**(Fictitious / Incorrect Name)**

Code Civ. Proc., §§ 471.5,
472, 473, 474

**ELECTRONICALLY FILED**
**1/9/2019 5:57 PM**
**Kern County Superior Court**
**By Julie Irvin, Deputy**

1  Matthew E. Roston, SBN 265944
2  ROSTON LAW GROUP, APC
   9454 Wilshire Boulevard, Suite 850
3  Beverly Hills, California 90212
   Tel. (310) 550-6221
4  Fax (310) 246-0305

5  Attorneys for Plaintiff, TIMOTHY BROWN

6

7                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                                  COUNTY OF KERN

9
   TIMOTHY BROWN, an individual,              CASE NO.   BCV-19-100074
10
                      Plaintiff,              UNLIMITED CIVIL CASE
11
12  vs.                                       **COMPLAINT FOR DAMAGES FOR**
                                              **NEGLIGENCE**
13  THE HOME DEPOT, INC., a Delaware
14  Corporation, AND DOES 1 through 20,
    inclusive,
15
                      Defendants.
16

17

18

19        For causes of action against defendants, and each of them, plaintiff TIMOTHY BROWN

20  (hereinafter referred to as "Plaintiff" or "Brown"), complains and alleges as follows:

21
                                     **PARTIES**
22
23        1.      The true names and capacities, whether individual, corporate, associate, or otherwise of

24  defendants, DOES 1 through 20, inclusive, are at this time unknown to Plaintiff who therefore sues said

25  defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of

26  the defendants designated herein by a fictitious name is in some way negligent or responsible for the
27
28  events and happenings herein referred to which proximately resulted in those injuries and damage to the

                                         1

                            COMPLAINT FOR DAMAGES

1  Plaintiff as herein alleged.

2      2.      Plaintiff is informed and believes, and upon such information and belief, alleges that at

3  all times herein mentioned, defendants, and each of them, were acting as the agents, servants, and/or

4

5  employees of the other named defendants, and were within the course and scope of their employment

6  and with the full knowledge and consent of each of the other named defendants. Each defendant

7  subsequently ratified and condoned the conduct of each remaining defendant.

8      3.      Defendant, THE HOME DEPOT, INC., at all times mentioned in this complaint was and

9  is a Delaware corporation and is qualified to do business and does business in California. At all times

10

11  mentioned in this Complaint, THE HOME DEPOT, INC. owned and operated a home improvement

12  store located at 507 N. Mill Street, Tehachapi, California 93561(hereinafter referred to as "Subject Store

13  Premises").

14      4.      On or about February 6, 2017, Plaintiff was a customer shopping at the Subject Store

15

16  Premises. At all times mentioned in this complaint, Plaintiff was and is a resident of Tehachapi,

17  California.

18                  **FIRST CAUSE OF ACTION**

19          **FOR DAMAGES (NEGLIGENCE- PREMISES LIABILITY)**

20                    **(Against All Defendants)**

21

22      5.      Plaintiff hereby incorporates paragraphs 1 through 4, inclusive as if set forth in full.

23      6.      On or about the 6th day of February, 2017, Plaintiff was shopping at the Subject Store

24  Premises within the District of the Superior Court, in the County of Kern, State of California. At said

25  time and place, Defendant THE HOME DEPOT, INC. and its employees, agents and representatives,

26  managed, operated, maintained and/or were in control of the Subject Store Premises. While Plaintiff

27  was walking in the store, he slipped and fell on a liquid substance that had been left negligently

28  unattended to and negligently maintained. THE HOME DEPOT, INC. was aware that the accumulation

of liquids on its store's floor posed a dangerous condition to its customers, but nonetheless unreasonably

2

COMPLAINT FOR DAMAGES

1    failed to correct the dangerous condition. Such unreasonable, negligent and careless conduct
2    proximately caused those injuries and damages to the Plaintiff as hereinafter described.

3           7.      That as a direct and proximate result of the negligent acts and omissions of defendant
4    THE HOME DEPOT, INC. and DOE defendants, and each of them, Plaintiff has and continues to suffer
5    severe injuries to Plaintiff's body and injuries to Plaintiff's nervous system, all of which caused Plaintiff
6    severe pain and discomfort and Plaintiff is informed and believes and based upon such information and
7    belief alleges that he will in the future suffer severe pain and discomfort, all to Plaintiff's general
8    damage in a sum according to proof at the time of trial.

9           8.      That as direct and proximate result of the negligence, carelessness and unlawful conduct
10   of THE HOME DEPOT, INC. and DOE defendants, and each of them, as aforesaid, and by reason of the
11   slip and fall so negligently caused by said defendants, Plaintiff has been required to obtain and continues
12   to obtain the services of doctors, surgeons, physicians, pain management specialists, physical therapy
13   specialists and the like-related professional services, including drugs, medicines, x-rays and medical
14   expenses, hospitalization and various sundry items, both present and future. In addition, Plaintiff has
15   suffered loss of earnings, both present and future; the exact amounts thereof are at this time unknown to
16   Plaintiff, who therefore asks leave to prove and if required by the Court, to amend this Complaint to
17   show the exact amounts thereof at time of trial.

18          ///
19          ///
20          ///
21          ///
22          ///
23          ///
24          ///
25          ///
26          ///
27          ///
28          ///

3

COMPLAINT FOR DAMAGES

1    WHEREFORE, Plaintiff prays for judgment against defendants, and each of them, as follows:

2                                       **PRAYER**

3    A.  In favor of Plaintiff for general damages in a  sum according to proof;

4

5    B.  In favor of Plaintiff for special damages for medical services, medication and drugs,
         hospitalization, x-rays, various sundry items, loss of earnings, both present and future, and
6        other incidental expenses, according to proof at the trial;  .

7    C.  For Plaintiff's costs of suit incurred herein; and

8    D.  For such other and further relief as the Court deems just and proper.

9

10

11   Dated: January 5, 2019                    **ROSTON LAW GROUP**

12

13                                        By: _____
14                                              Matthew E. Roston

15                                        Attorneys for Plaintiff,
                                          TIMOTHY BROWN
16

17

18

19

20

21

22

23

24

25

26

27

28

                                          4

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Matthew E. Roston, SBN 265944<br>ROSTON LAW GROUP<br>9454 Wilshire Boulevard, Suite 850<br>Beverly Hills, CA 90212 | **ELECTRONICALLY FILED**<br>1/9/2019 5:57 PM<br>**Kern County Superior Court**<br>By Julie Irvin, Deputy |

TELEPHONE NO.: (310) 550-6221    FAX NO.: (310) 246-0305

ATTORNEY FOR *(Name):* PLAINTIFF TIMOTHY BROWN

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN

STREET ADDRESS: 1415 Truxton Avenue
MAILING ADDRESS: SAME
CITY AND ZIP CODE: Bakersfield 93301
BRANCH NAME: Metropolitan

CASE NAME: Timothy Brown v The Home Depot, Inc., et al.

| **CIVIL CASE COVER SHEET** | Complex Case Designation | CASE NUMBER: BCV-19-100074 |
|---|---|---|
| [x] Unlimited   [ ] Limited<br>(Amount        (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [x] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation**
*(Cal. Rules of Court, rules 3.400-3.403)*
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.4000 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

   a. [ ] Large numbers of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action *(specify):*  Premises Liability; Negligence

5. This case [ ] is  [X] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015).*

Date:    January 5, 2019

Matthew E. Roston
_____    _____
(TYPE OR PRINT NAME)                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case if complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceedings.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 (Rev. July 1, 2007)

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

# EXHIBIT B

ELECTRONICALLY FILED
6/17/2019 10:05 AM
Kern County Superior Court
By Rebecca Polson, Deputy

1

2

3

4

5

6

PAVAN L. ROSATI, ESQUIRE - State Bar #146171
GOODMAN NEUMAN HAMILTON LLP
417 Montgomery Street, 10th Floor
San Francisco, California  94104
Telephone:  (415) 705-0400
Facsimile:  (415) 705-0411

Attorneys for Defendant
HOME DEPOT U.S.A., INC.
(sued as Doe 1, HOME DEPOT U.S.A., INC.)

7

8

9

10

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF KERN

11

12

13

14

15

16

17

| | |
|---|---|
| TIMOTHY BROWN,<br><br>                              Plaintiff,<br><br>vs.<br><br>THE HOME DEPOT, INC., a<br>Delaware Corporation, AND DOES 1<br>through 20, inclusive,<br><br>                              Defendants. | Case No. BCV-19-100074<br><br>**DEFENDANT HOME DEPOT U.S.A.,<br>INC.'S ANSWER TO PLAINTIFF'S<br>COMPLAINT**<br><br>Action Filed:  January 9, 2019 |

18

19

20

21

22

        Defendant, HOME DEPOT U.S.A., INC., in answer to the unverified Complaint of

plaintiff herein, denies each and every, all and singular, the allegations of plaintiff's

unverified Complaint, and denies that plaintiff has been injured or damaged in any of the

sums mentioned in his Complaint, or in any sum, or at all, as the result of any act or omission

of this answering defendant.

23

24

25

26

27

28

        AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE, this answering

defendant alleges that plaintiff was himself careless and negligent in and about the matters

alleged in the Complaint, and that this carelessness and negligence on plaintiff's own part

contributed as a proximate cause to the happening of the incident and to the injuries, loss and

damage complained of, and any recovery by plaintiff should be reduced or eliminated based

Goodman
Neuman
Hamilton LLP

417 Montgomery St.
10th Floor
San Francisco, CA
94104
Tel.: (415) 705-0400

1  upon comparative fault.

2    AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, this answering

3  defendant alleges that the sole proximate cause of the injuries and damages, if any, allegedly

4  suffered by the plaintiff was the negligence, fault and/or strict liability of persons or entities

5  other than this answering defendant, for whose acts or omissions this answering defendant is

6  not legally or otherwise responsible.

7    AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, this answering

8  defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of

9  action against this answering defendant.

10    AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering

11  defendant alleges that at all times and places mentioned in the Complaint, plaintiff failed to

12  mitigate his damages.  The damages claimed by plaintiff could have been mitigated by due

13  diligence on his part or by one acting under similar circumstances.  Any recovery by plaintiff

14  should be reduced or eliminated due to his failure to mitigate his damages.

15    AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering

16  defendant alleges that its conduct was not the cause in fact or the proximate cause of any of

17  the losses alleged by plaintiff.

18    AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering

19  defendant alleges that plaintiff's Complaint is barred by the applicable statute of limitations,

20  contained in California Code of Civil Procedure, Section 335.1.

21    AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering

22  defendant alleges that if this answering defendant should be found liable for any injury and

23  damage to plaintiff, then said liability for non-economic damages to plaintiff must be limited

24  to this answering defendant's proportionate share of fault, if any, as defined by California

25  Civil Code Section 1431.2, et seq.

26    AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering

27  defendant alleges that plaintiff's Complaint is barred by laches.

28    AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering

Goodman
Neuman
Hamilton LLP

417 Montgomery St.
10ᵗʰ Floor
San Francisco, CA
94104
Tel.: (415) 705-0400

DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1  defendant alleges that plaintiff's Complaint is barred by the equitable doctrine of unclean

2  hands.

3       AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering

4  defendant alleges that the allegedly dangerous condition complained of by plaintiff was an

5  open and obvious condition.

6       AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering

7  defendant is informed and believes, and thereupon alleges that defendant presently has

8  insufficient knowledge or information on which to form a belief as to whether it may have

9  additional, as yet unstated, defenses available.  Defendant reserves herein the right to assert

10  additional defenses in the event discovery indicates that they would be appropriate.

11

12  DATED:  June 17, 2019                    GOODMAN NEUMAN HAMILTON LLP

13

14                                          By: _PAVAN L. ROSATI_____

15                                              PAVAN L. ROSATI
                                                Attorneys for Defendant
                                                HOME DEPOT U.S.A., INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

Goodman
Neuman
Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
Tel.: (415) 705-0400

DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

# PROOF OF SERVICE

**CASE NAME:**  *Timothy Brown v. The Home Depot, Inc.*
**CASE NUMBER:**  BCV-19-100074
**DATE OF SERVICE:** June 17, 2019

**DESCRIPTION OF DOCUMENTS SERVED:**

   **DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S
   COMPLAINT**

**SERVED ON THE FOLLOWING:**

   Matthew E. Roston
   Roston Law Group
   9454 Wilshire Blvd., Ste. 850
   Beverly Hills, CA 90212
   T: (310) 550-6221 / F: (310) 246-0305
   matt@rostonlegal.com
   *Attorneys for Plaintiff*

   I am over the age of 18 years and not a party to or interested in the above-named case.  I am an employee of Goodman Neuman Hamilton LLP, and my business address is 417 Montgomery Street, 10th Floor, San Francisco, CA 94104.  On the date stated above, I served a true copy of the document(s) described above, by mail, by placing said document(s) in an envelope, addressed as shown above for collection and mailing on the date shown above following the ordinary business practices of Goodman Neuman Hamilton LLP.  I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice, said document(s) would be deposited with the United States Postal Service at a post box in San Francisco, California on the same day (at approximately 5:00 P.M.) with postage thereon fully prepaid for first class mail.

   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on the date stated above.

_____
Marisol Rosario

Goodman
Neuman
Hamilton LLP

417 Montgomery St.
10th Floor
San Francisco, CA
94104
Tel.: (415) 705-0400

PROOF OF SERVICE

# EXHIBIT C

# ADVENTIST HEALTH TEHACHAPI VALLEY

Adventist Health
Medical Center
Tehachapi Valley

## 115 WEST E STREET TEHACHAPI CA 93561 (661)-823-3000

BROWN, TIMOTHY C
851 TUCKER RD  APT. 69
TEHACHAPI CA 93561

| Patient Name | : | |
|---|---|---|
| Bill No. | : | |
| Room No. | : | |
| Admission Date | : | |
| Discharge Date | : | |
| Billing Date | : | |
| Current Balance | : | |

| INSURANCE COMPANY | POLICY NO. | GROUP NO. |
|---|---|---|
| | | |

| SERVICE CODE | REVENUE CODE | PROCEDURE CODE | CHARGE DATE | QTY | DESCRIPTION | CHARGES |
|---|---|---|---|---|---|---|
| | | | | 1 | | |

**Total Charges**

This account has been billed to the insurance company listed above. Please call if corrections need to be made. After 45 days, this account becomes your responsibility if your insurance does not pay.

If you have not provided us with insurance information, please pay total charges within 30 days or contact the Business Office for payment arrangements at (661)-823-3000.

Page 1 of 1

5 17 2017

# EXHIBIT D

# *ROSTON LAW GROUP*

9 4 5 4   W i l s h i r e   B o u l e v a r d
Suite 850
B e v e r l y   H i l l s ,   C A   9 0 2 1 2
matt@rostonlegal.com

*Telephone (310) 550-6221*
*Facsimile (310) 246-0305*

June 3, 2019

***Via E-mail to Jacob.Harville@Sedgwick.com***
Jacob Harville
Sedgwick Management Services
PO Box 14451
Lexington, Kentucky 40512

|      | RE: | Our Client  | : | Timothy Brown |
|------|-----|-------------|---|---------------|
|      |     | Your Insured | : | Home Depot |
|      |     | Claim No.   | : | 20170316810 |
|      |     | Date of Loss | : | 2/13/2017 |

Dear Mr. Harville:

As you are aware, our client Timothy Brown ("**_Brown_**") filed a lawsuit in Kern County Superior Court on January 9, 2019 against your insured The Home Depot relating to injuries he sustained on February 13, 2017 in Home Depot's store in Tehachapi, California.   Please let this serve as a demand to compensate Brown and avoid future litigation.

## *The Incident*

The incident occurred during the morning of February 13, 2017 when Brown was a customer in the store.  As Brown was walking down the main aisle near the electronic section talking to a store employee Diane, he slipped on a puddle of liquid causing him to twist and fall hard on the floor.  Given the accumulation of liquid on the floor, it was apparent that liquid had been left in this area unaddressed for a long period of time.  As such, Home Depot is liable for not attending to this dangerous condition.

## *Summary of Brown's Medical Treatment*

Immediately following the fall, Brown presented to the Tehachapi Adventist Health Medical Center emergency room complaining of pain to his right wrist, right foot, both knees, mid back and neck.  After undergoing head, cervical and thoracic CT scans, it was found that Brown had suffered significant injury to his thoracic spine.  More specifically, the thoracic CT found:

**A 4 mm left paracentral disk protrusion at T8-9 with encroachment of the thecal sac in the left lateral recess.**

Given the severity of these imaging findings and the concern for cord involvement and paralysis, it was recommended that Brown be transported to a hospital in Bakersfield for admission and evaluation by a neurosurgeon for surgery. Brown, who has been deemed psychiatrically disabled by the state, was extremely anxious about undergoing surgery. Because of his anxiety, Brown elected to be discharged and seek treatment as an outpatient.

Two days later on February 15, 2017, Brown returned to the emergency room complaining of severe pain to his mid-back.   Surgical evaluation was again recommended, which Brown declined.

On March 30, 2017 Brown presented to his primary care provider at Omni Heath where he was provided a prescription for physical therapy.

Two weeks later on April 15, 2017, Brown again returned to the emergency room complaining of ongoing severe pain to his mid-back with some tingling in his left arm. The physician assessed Brown with exacerbation of previous back pain.  Brown was provided ibuprofen and told to follow up with his primary care provider.

Less than three months later, Brown returned to Omni Health requesting a new prescription for physical therapy because he had been unable to attend physical therapy. Brown was assessed with acute bilateral thoracic back pain and was provided with a new physical therapy prescription.

On July 27, 2017, Brown presented to physical therapy where he was assessed with tenderness and decreased range of motion through his mid-back.  After Brown underwent a total of three physical therapy sessions, he discontinued the physical therapy because it was painful, and he did not feel he was obtaining significant results.

After Brown continued to experience severe, unresolved back pain, he requested additional physical therapy in February 2018.   From March to April 2018, Brown underwent four additional physical therapy sessions where it was noted that Brown had heightened symptoms consistent with thoracic injury and obtained some improvement through therapy.

After Brown continued to complain of unresolved, severe mid back pain in July 2018, a thoracic MRI and neurology consultation was ordered.

The MRI, which was performed on August 13, 2018 confirmed that Brown still had significant disc protrusion at T8-9.  Specifically, the MRI found 3.5 mm protrusion with no cord compression with some mild canal stenosis and encroachment.

On October 19, 2018, Brown presented to neurologist Mahip Birdi, M.D. who noted that Brown was experiencing significant mid-back pain and had positive MRI findings.   Aware that Brown was not interested in surgery consultation, Dr. Birdi provided Brown with a Toradol injection and started Brown on Neurontin medication. Dr. Birdi's recommendation was physical therapy and potential trigger point injections.

*June 3, 2019*
*Claim No. 20170316810*
Page **3** of **4**

On May 7, 2019, Brown returned to Dr. Birdi to undergo an EMG to assess thoracic nerve damage.

Presently, Brown continues to suffer significant pain and hardship from his thoracic pain injury twenty-eight months since his injury. This has been a debilitating injury that has and continues to have a profound effect on his overall well-being. Brown remains on Neurontin and plans on returning for additional physical therapy even though he does not believe it has provided him with significant relief in the past.

### *Payments for Brown's Treatments*

In total, the following amounts have either been paid or are outstanding as a result of the incident:

| | |
|---|---|
| Adventist Health: | $1,426.38 |
| Therio Physical Therapy: | $595 |
| Omni Medical: | $252.68 |
| Truxton Radiology: | $400 (estimated) |
| Mahip Virdi, M.D. | Will Provide |

In addition, as set forth above, Brown will continue to require substantial medical treatment for his unresolved injury to his spine. If Brown continues to seek conservative care, he will require an indefinite amount of physical therapy, neurology consultation and medication. If Brown decides to consider surgical evaluation, as initially recommended, this will likely require future medical treatment likely nearing $100,000.

### *Demand for Compensation*

Given (1) the undisputed liability of your insured, (2) the magnitude and severity of Brown's injuries since the fall, (3) the prolonged symptoms and suffering Brown has incurred and continues to incur, and (4) the significant medical care Brown necessitates, he demands: **$165,000.** Please understand that this demand is made in attempt to achieve early resolution. If this matter proceeds to heavy litigation, this demand will not be used as a benchmark for future negotiations.

For your review are the following materials:

Exhibit A:    Medical records from Adventist Health Tehachapi Medical Center

Exhibit B:    Billing records from Adventist Health Tehachapi Medical Center

Exhibit C:    Medical Records from Omni Health

*June 3, 2019*
*Claim No. 20170316810*
Page **4** of **4**

Exhibit D:        Billing Records from Omni Health

Exhibit E:        Medical Records from Terrio Physical Therapy

Exhibit F:        Billing Records from Terrio Physical Therapy

Exhibit G:        Medical and Billing Records from Mahip Virdi, M.D.


I hope to hear from you no longer than 14 days from the date of this letter. Thank you for your anticipated courtesy and cooperation with this matter.


                    Respectfully,


                    Matthew E. Roston

Enclosures